UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN CARRASQUILLO,
   a/k/a "Malo,"
HECTOR HERNANDEZ,
   a/k/a "Hec,"
JOSE HERNANDEZ,
   a/k/a "Nene,"
   a/k/a "Little,"
NATHANIEL MANNING,
   a/k/a "Tio,"
DAMEL MARCUS,
   a/k/a "Shank,"
EDWARDO MORENO,
   a/k/a "AR,"
JASON RIVERA,
   a/k/a "Colombo,"
JOSUE VARGAS,
   a/k/a "Leo,"
JUAN KUANG,
   a/k/a "Jo Jo,"
   a/k/a "Jay,"
   a/k/a "Blanco,"
STEVEN SANTIAGO,
   a/k/a "Swizz,"
VICTOR MENDENG,
   a/k/a "Cali,"
DELILAH CARRIEL,
ROSEMARIE SANCHEZ,
   a/k/a "Rosie,"
JUAN CALDERON,
   a/k/a "Jazzo,"
   a/k/a "Juanito,"
CHRISTOPHER MEADOWS, and
ANGEL VILLAFANE,

              Defendants.

**Protective Order**

**S7 21 CR 93 (VM)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/30/24__
```

Upon the application of the United States of America, with the consent of the undersigned defense counsel and coordinating discovery attorney ("CDA"), and the defendants having

requested disclosures under the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to the Federal Rules of Criminal Procedure, including as discovery under Federal Rule of Criminal Procedure 16(a), 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged crimes and individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. With respect to certain sensitive disclosure material, referred to herein as "attorney's eyes only material," these same concerns are particularly acute. The Government's designation of disclosure material as sensitive disclosure material or attorney's eyes only material will be controlling absent contrary order of the Court.

**Business Confidential Information.**  Certain of the Government's disclosure material, referred to herein as "business confidential information," may contain information that reveals trade secrets or other information that may cause financial loss or other harm to an affected business entity and its stakeholder(s).  The Government's designation of disclosure material as business confidential information will be controlling absent contrary order of the Court.

**Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without the need for substantial redaction and minimize any related litigation.  It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

**Good Cause.**  There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

Disclosure material, including information obtained or derived from disclosure material, shall not be disclosed by the defendants or defense counsel, including any successor counsel, or the CDA ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

Disclosure material that is not sensitive disclosure material, including attorney's eyes only material, or business confidential material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel or appointed under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), to assist defense counsel in representing the defendants, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

Sensitive disclosure material and business confidential material—which defense counsel, including any successor counsel, may disclose to the defendants, provided, however, that the defendants may not be provided with sensitive disclosure material or business confidential material or copies of sensitive disclosure material or business confidential material for their own possession—may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel or appointed under the CJA to assist defense counsel in representing the defendants, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action, provided, however, that no such prospective witnesses may be provided with sensitive disclosure material or business confidential material or copies of sensitive disclosure material or business confidential material for their own possession.

Attorney's eyes only material—which defense counsel, including any successor counsel, may not disclose to the defendants—may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel or appointed under the CJA to assist defense counsel in representing the defendants, as needed for purposes of defending this action.

The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. At any time, defense counsel may request from the Government such authorization, in writing, for disclosure of disclosure material beyond that otherwise permitted by this Order, including disclosure of attorney's eyes only material to the defendants. The Government will promptly review any such request and either

4

provide authorization, in writing, for the sought disclosure of disclosure material or provide defense counsel with an explanation, in writing, as to why the sought disclosure of disclosure material cannot occur at that time, so as to facilitate this Court's consideration of any disputes regarding the Government's designation of disclosure material as sensitive disclosure material, including attorney's eyes only material, and business confidential information.

This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation underlying this case or otherwise, from one or more computer devices. With the consent of the undersigned defense counsel, the Government is authorized to disclose the entirety of such seized ESI as the Government believes may contain disclosure material, the entirety of which will constitute disclosure material.

### Return or Destruction of Material

Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

If disclosure material is provided to any defendants or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

The defense shall provide a copy of this Order to all persons to whom the defense has disclosed disclosure material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what disclosure materials have been disclosed to which such persons beyond personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action.

Emma M. Greenwood, the court-appointed CDA, may disclose, make copies of, or reveal the contents of disclosure materials to defense counsel and to her employees who are assisting in the preparation and dissemination of disclosure materials, and to third-party vendors she may deem necessary to retain to process the disclosure materials she receives from the Government, all in furtherance of fulfilling her duties and obligations under the Court's Order of April 26, 2024 appointing Ms. Greenwood as CDA. Ms. Greenwood shall serve a copy of this Order upon any such person to whom she discloses disclosure material, instructing those persons that they are bound by its terms, and she shall instruct such those persons that further disclosure is prohibited, except as provided for herein.

**Retention of Jurisdiction**

The provisions of this Order shall not terminate at the conclusion of the case, and the Court

will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


By: _____    Date: ___April 29, 2024_____
    MICHAEL R. HERMAN
    THOMAS JOHN WRIGHT
    Assistant United States Attorneys
    (212) 637-2221/2295


_____    Date: ___MAY 18, 2024_____
ANTHONY RICCO
Counsel for Defendant Edwin Carrasquillo

_____    Date: ___MAY 20, 2024_____
CHRISTOPHER M. DILORENZO
Counsel for Defendant Hector Hernandez


__/s/ Inga L. Parsons_____    Date: _____5/8/2024_____
INGA L. PARSONS
Counsel for Defendant Jose Hernandez


_David S. Greenfield_____    Date: ___May 9, 2024_____
DAVID S. GREENFIELD
Counsel for Defendant Nathaniel Manning


__/s/ Benjamin Silverman_____    Date: ___April 29, 2024_____
BENJAMIN ADAM SILVERMAN
Counsel for Defendant Damel Marcus

_____          Date:  May 8, 2024  _____

JOSHUA JACOB HOROWITZ
Counsel for Defendant Edwardo Moreno

/s/ Harvey Fishbein and Lauren Di Chiara          Date:  May 8, 2024  _____
_____

HARVEY FISHBEIN
LAUREN DI CHIARA
Counsel for Defendant Jason Rivera

_____          Date:  5·1·24  _____

BENJAMIN CHRISTOPHER ZEMAN
Counsel for Defendant Josue Vargas

_____          Date:  4/29/2024  _____

DONNA RITA NEWMAN
Counsel for Defendant Juan Kuang

_____          Date:  May 9, 2024  _____

LEONARDO M. ALDRIDGE
Counsel for Defendant Steven Santiago

_____          Date:  May 28, 2024  _____

STEVEN BRILL
Counsel for Defendant Victor Mendeng

_____          Date:  May 1, 2024  _____

CAMILLE MARIE ABATE
Counsel for Defendant Delilah Carriel

_____          Date:  5/21/2024  _____

ESERE ONAODOWAN
CHRISTINE DELINCE
Counsel for Defendant Rosemarie Sanchez

_____          Date:   May 9, 2024
RUTH M. LIEBESMAN                                _____
Counsel for Defendant Juan Calderon


_____          Date:   Apr. 3, 2024
DAVID WIKSTROM                                   _____
Counsel for Defendant Christopher Meadows


_____          Date:   5/8/2024
LOUIS FASULO                                     _____
Counsel for Defendant Angel Villafane


_____          Date:        5/6/24
EMMA M. GREENWOOD                                _____
Coordinating Discovery Attorney


SO ORDERED:

Dated:  New York, New York

        May 30, 2024


_____
                 Victor Marrero
                 U.S.D.J.